**ORDERED.**

Dated: January 20, 2010



_____
**EILEEN W. HOLLOWELL**
U.S. Bankruptcy Judge
_____

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

In re:                                        )
                                              ) Chapter 7
GAYLYN M. HILDESTAD and    )
VIRGINIA M. HILDESTAD,       ) Case No. 0:09-bk-17733-EWH
                                              )
                                              ) **MEMORANDUM DECISION**
            Debtors.                       )
_____)

## I. INTRODUCTION

Debtors seek dismissal of their Chapter 7 case. For the reasons set forth below, Debtors are entitled to the requested relief.

## II. FACTUAL AND PROCEDURAL HISTORY

On July 14, 2009, the Social Security Administration deposited a lump sum of $15,192.00 (the "Payment") into the bank account of Gaylyn and Virginia Hildestad ("Debtors") for disability benefits.[1] Debtors withdrew $15,200.00 (the "Withdrawal") from their account on July 17, 2009, and filed for Chapter 7 bankruptcy on July 29, 2009.

---

[1] According to Debtors' bank statements, attached as Exhibit A to Trustee Lawrence Warfield's Supplemental Response to Debtors' Motion to Dismiss filed November 17, 2009 (docket #19).

On October 13, 2009, Debtors filed a Motion to Dismiss Chapter 7 Proceeding (the "Motion"), stating that because they received the Payment, which will allow them to make payments to their creditors, they do not need Chapter 7 relief. Debtors further stated in the Motion that they were not aware they would receive the Payment when their petition was filed.[2]

Chapter 7 Trustee Lawrence Warfield ("Trustee") filed an Objection to Debtors' Motion to Dismiss (the "Objection") on October 15, 2009. Trustee argued that Debtors wanted the case dismissed in order to avoid surrendering assets, namely the Withdrawal, and given that they had $75,804.00 of unsecured debt listed on their Schedule F it would be unfair to those creditors to allow dismissal.

A hearing was held on the Motion on November 4, 2009, in which Debtors argued that the Payment is exempt and that the amount of unsecured debt is in dispute. The Court ordered Debtors to provide Trustee with additional documentation regarding the Payment, that Trustee would have two weeks to supplement his Objection and thereafter the matter was deemed under advisement.

Trustee filed a Supplemental Response to Debtors' Motion to Dismiss (the "Supplement") on November 17, 2009. The Supplement argues that the Payment lost any exempt status it may have had when Debtors withdrew it as cash and set it aside prior to filing their Chapter 7 petition. Trustee also filed a Motion to Compel Turnover of Assets on November 20, 2009, requesting that the Court order Debtors to turn over the

---

[2] However, the Payment was deposited into their account 15 days before Debtors filed their Chapter 7 petition, so this claim is not credible.

2

Withdrawal to Trustee in the event the Court finds the funds to be non-exempt assets of the estate.[3]

## III. ISSUES

1. Is the Payment exempt?

2. Does cause exist for dismissal under 11 U.S.C. § 707(a)?

## IV. JURISDICTIONAL STATEMENT

Jurisdiction is proper under 28 U.S.C. §§ 157(b)(2) and 1334.

## V. DISCUSSION

1. Exemption of Social Security Benefits

When a bankruptcy petition is filed, an estate is created that is comprised of all legal and equitable interests of the debtor in property. 11 U.S.C. § 541(a); *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001); *In re Trujillo*, 215 B.R. 200 (9th Cir. BAP 1997); *In re Smith*, 342 B.R. 801 (9th Cir. BAP 2006); *In re Chappel*, 189 B.R. 489 (9th Cir. BAP 1995). A debtor is entitled to exempt certain assets from the bankruptcy estate. 11 U.S.C. §§ 522, 541. Arizona has "opted out" of the federal exemption scheme; therefore, Arizona law governs whether or not an asset is exempt. A.R.S. § 33-1133(B).

---

[3] Debtors were served with the Motion to Compel Turnover of Assets on November 25, 2009. According to a Notice sent to all interested parties by Trustee, any objections must have been filed within twenty (20) days. Debtors filed a Motion to Extend Deadline to File Objection to Trustee's Motion to Compel on December 21, 2009. Their proposed Objection was attached. However, the Motion to Extend was never granted or denied by the Court. Therefore, Debtors' Objection will not be addressed in this decision.

3

A debtor's exemption rights are fixed as of the petition date. *In re Kim*, 257 B.R. 680, 687 (9th Cir. BAP 2000); *see also Owen v. Owen*, 500 U.S. 305, 314 n. 6 (1991) (the proper date for determining whether an exemption exists is the date of fling of the bankruptcy petition). Additionally, assets exempt on the petition date retain their exempt status regardless of post-petition use or change in character of the funds. *Kim*, 257 B.R. at 689; *see also In re Herman*, 120 B.R. 127, 130 (9th Cir. BAP 1990) ("Absent conversion from one chapter to another, the nature and extent of a debtor's exemption rights are determined as of the date of the petition...Thus, any post-petition disposition of the property or post-petition change in the identity of the property into proceeds has no impact upon the exemption analysis."); *In re Reed*, 184 B.R. 733, 737 (Bankr. W.D. Tex. 1995) ("The majority of courts...hold that a postpetition change in the character of property properly claimed as exempt will not change the status of that property, relying on the principle that once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact."). The exception to this general rule involves state homestead exemption statutes. *See In re Foreacre*, 358 B.R. 384 (Bankr. D. Ariz. 2006) (by failing to reinvest sale proceeds from their prepetition sale of real property in a manner consistent with Arizona's homestead exemption statute, debtors changed the nature of proceeds from exempt to nonexempt).

Despite Arizona's opt-out provision, social security benefits are exempt as a matter of federal law, under 42 U.S.C. § 407(a):

4

Case 0:09-bk-17733-EWH    Doc 32    Filed 01/20/10    Entered 01/20/10 12:48:50    Desc
Main Document      Page 4 of 8

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, *or to the operation of any bankruptcy or insolvency law.*

(Emphasis added).

Furthermore, a prepetition lump sum payment of a social security disability benefit is exempt. *In re Radford*, 265 B.R. 827 (Bankr. W.D. Mo. 2000). Indeed, a Chapter 7 debtor is not required to claim exemption in order to retain prepetition social security disability benefits, where the debtor's state has "opted-out" of federal exemptions. *In re Barron*, 85 B.R. 603 (Bankr. N.D. Ala. 1988).

The deposit of exempt funds in a bank account does not affect a debtor's exemption, nor does it change the exempt character of the funds, so long as the source of the exempt funds is reasonably traceable. *In re Hanson*, 41 B.R. 775 (Bankr. D. N.D. 1984); *Matthews v. Lewis*, 617 S.W.2d 43 (Ky. 1981). If it is impossible to separate out exempt from nonexempt funds, the rule is that an exemption cannot lie. *Foreacre*, 358 B.R. at 393 (homestead sale proceeds commingled with nonexempt and exempt funds, transferred to separate accounts, and withdrawn for living expenses over the course of several months lost exempt status as they were no longer "identifiable"); *Matter of McCafferty*, 81 B.R. 99 (Bankr. M.D. Fla. 1987).

Specifically, social security benefits commingled in an account with nonexempt funds retain their exempt status. *In re Moore*, 214 B.R. 628 (Bankr. D. Kan. 1997); *NCNB Financial Services, Inc. v. Shumate*, 829 F. Supp. 178 (W.D. Va. 1993), *aff'd*, 45 F.3d 427 (4th Cir. 1994); *Hatfield v. Christopher*, 841 S.W.2d 761 (Mo. Ct. App. W.D.

5

1992); *see also In re Frazier*, 116 B.R. 675 (Bankr. W.D. Wis. 1990) (social security benefits commingled with other *exempt* funds remain exempt) (emphasis added).

On July 14, 2009, a lump sum payment of social security disability benefits was deposited into Debtors' bank account. The entire Payment, plus $8.00 of Debtors' nonexempt funds, was withdrawn several days later. These events occurred before Debtors' Chapter 7 petition was filed on July 29, 2009. It appears that the Payment was cash in the possession of Debtors at the time the petition was filed. However, as demonstrated above, a prepetition lump sum payment of social security benefits remains exempt, despite commingling with nonexempt funds. Because the cash withdrawal is reasonably traceable to exempt funds, the Payment was exempt on the petition date and remains exempt, despite any (hypothetical) postpetition use.

Accordingly, Trustee's Motion to Compel Turnover of Assets is denied.

2. Voluntary Dismissal

Under 11 U.S.C. § 707(a), a court may dismiss a Chapter 7 case for cause, including unreasonable delay by the debtor, nonpayment of fees, or failure of the debtor to file certain documents. Dismissal under section 707(a) must be for "cause," even when the motion to dismiss is brought by the debtor. *In re Hickman*, 384 B.R. 832, 840 (9th Cir. BAP 2008); *In re Padilla*, 222 F.3d 1184, 1191 (9th Cir. 2000). The test is whether under the totality of the circumstances sufficient cause exists to allow voluntary dismissal under section 707(a). *In re Sherman*, 491 F.3d 948, 970 (9th Cir. 2007); *Hickman*, 384 B.R. at 841. A core issue in determining whether sufficient cause exists is if the dismissal will cause any "legal prejudice" to interested parties. *Hickman*, 384 B.R. at 841; *In re Bartee*, 317 B.R. 362, 366 (9th Cir. BAP 2004) (debtors bear the burden of

6

proving that dismissal would not prejudice their creditors). The question of prejudice resulting from dismissal may be evaluated using both legal and equitable considerations. *Hickman*, 384 B.R. at 840. The dismissal decision rests within the sound discretion of the court and is reversible only for abuse of discretion. *In re Int'l Airport Inn P'ship*, 517 F.2d 510, 511 (9th Cir. 1975).

In the instant case, Debtors' only asset, the Payment, is exempt. As such, the bankruptcy estate is devoid of any assets to liquidate. Debtors' creditors are not prejudiced by dismissal, as they would receive no distribution if the case proceeds. In fact, dismissal would be in the creditors' best interests, as Debtors stated in the Motion that they planned to use the Payment to pay their creditors outside of bankruptcy. Therefore, under the totality of the circumstances cause exists to dismiss the case.

Accordingly, Debtor's Motion to Dismiss is granted.

## VI. CONCLUSION

The Payment is exempt. Accordingly, Trustee's Motion to Compel Turnover of Assets is denied. Additionally, cause exists for dismissal of the case, and as such, Debtors' Motion to Dismiss is granted. Orders consistent with this Memorandum Decision will be entered this date.

Dated and signed above.

7

Case 0:09-bk-17733-EWH    Doc 32    Filed 01/20/10    Entered 01/20/10 12:48:50    Desc
Main Document    Page 7 of 8

| | |
|---|---|
| 1 | Notice to be sent through the |
| 2 | Bankruptcy Noticing Center "BNC" to the following: |
| 3 | |
| 4 | Gaylyn Michael Hildestad<br>Virginia Marie Hildestad |
| 5 | 11881 S. Fortuna Rd. #441<br>Yuma, AZ 85367 |
| 6 | |
| 7 | John E. Meerchaum<br>Meerchaum Law Office |
| 8 | 330 W. 24th St.<br>Yuma, AZ 85364 |
| 9 | |
| 10 | Lawrence J. Warfield<br>P.O. Box 14647 |
| 11 | Scottsdale, AZ 85267 |
| 12 | Office of the U.S. Trustee<br>230 North First Ave., Suite 204 |
| 13 | Phoenix, AZ 85003 |